# STATE OF FLORIDA v PAPACOSTA

## Case No. 86-060 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

October 8, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Susan Odzer Hugentugler,** Assistant Attorney General, for appellant.

**Harry Prebish** for appellee.

Before TENDRICH, HENDERSON, SHAPIRO, JJ.

## OPINION OF THE COURT

**PER CURIAM.**

Appellant, the STATE OF FLORIDA, appeals from an Order of the lower Court granting Appellee's Motion to Suppress the results of a breath test. For the reasons set forth herein, we reverse.

The trial Court was under the opinion that Appellee was not properly informed of his rights pertaining to § 316.1932 Fla. Stats. and suppressed the breath test. With respect to the learned trial Judge, it is this Court's opinion he improperly interpreted the implied consent law. Firstly, Appellee was properly stopped for weaving in his lane of traffic. The Officer detected an odor of alcohol on Appellee's breath, administered field sobriety tests which Appellee failed, all of which led to Appellee's arrest for driving under the influence.

Subsection 1(a) of the implied consent law provides, in part, as follows:

Any person who accepts the privilege extended by the law of the State of operating a motor vehicle within the State shall . . . be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood . . . if he is lawfully arrested for any offense allegedly committed while the person was driving *or* was in actual physical control of a motor vehicle. . . .".

There is no question but that Appellee was in actual physical control of a motor vehicle. He was lawfully stopped for weaving in his lane of traffic. Based on the foregoing, the implied consent law requires Appellee to submit to a breath test and the Officer is not required to advise Appellee of any rights.

Based on the foregoing, the Order suppressing the Breath Test is vacated and the matter remanded to the trial Court for further proceedings.

Reversed and remanded for further proceedings.